MATTHEW S. ADAMS (*admitted pro hac vice*)
madams@foxrothschild.com
MARGARET MCCALL REECE (*pro hac vice pending*)
mreece@foxrothschild.com
FOX ROTHSCHILD LLP
49 Market Street
Morristown, New Jersey 07960
Telephone: 973.992.4800

ANTHONY D. PHILLIPS (SBN 259688)
adphillips@foxrothschild.com
NOAH THOMAS (SBN 358134)
nthomas@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: 415.364.5540

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

*ex rel.* RELATOR LLC, a California limited liability company,

Relator,

v.

JAMES S. PAPE, an individual; JEANNE DIBELLA, an individual; and THE ARCTICOM GROUP, LLC, a Delaware limited liability company, and DOES 1-10,

Defendants.

Case No. 3:24-cv-01001-RFL

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES**

Date: October 14, 2025
Time: 10:00 a.m.
Place: Courtroom 15
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on October 14, 2025 at 10:00 a.m., or as soon thereafter as the parties may be heard in the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 15, before the Honorable Rita F. Lin, United States District Court Judge, Defendants James S. Pape, Jeanne Dibella, and The Arcticom Group, LLC (collectively, "Defendants") will and hereby do move this Court for an order dismissing Relator LLC's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Defendants seek dismissal of the Complaint in its entirety and with prejudice as to all three Defendants. This Motion is made on three grounds:

(1) the Complaint fails to state a claim under the applicable heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure because it does not allege facts with particularity;

(2) all of the allegations contained within the Complaint fail under the public disclosure bar, which is an affirmative defense provided by the False Claims Act; and

(3) Plaintiff is a serial relator responsible for dozens of similar complaints filed under the *qui tam* provision of the False Claims Act, but has not been appointed to such a role by the Executive Branch. Thus, this action violates Article II of the United States Constitution.

This Motion is based on this Notice; the following Memorandum of Points and Authorities; Defendants' Request for Judicial Notice and the supporting Declaration of Anthony D. Phillips and its exhibits as well as such additional submissions and argument the Court may permit at the hearing.

# TABLE OF CONTENTS


I. INTRODUCTION .......... 8

II. FACTS .......... 8

A. Defendants and their Paycheck Protection Program Loan .......... 8

B. Relator LLC's Complaint .......... 9

C. Relator LLC is a serial False Claims Act plaintiff .......... 11

III. LEGAL STANDARD .......... 13

IV. ARGUMENT .......... 14

A. The Complaint fails to state a claim with particularity .......... 14

1. The Complaint fails to plead falsity with particularity .......... 15

2. The Complaint fails to plead scienter with particularity .......... 15

B. The FCA's public disclosure bar provides a complete defense to Relator LLC's *qui tam* claim .......... 16

C. Relator LLC's prosecution of this action violates the Appointments Clause of Article II of the U.S. Constitution because Relator LLC exercises executive power without executive appointment .......... 19

1. The Appointments Clause and the FCA .......... 20

2. Relator LLC is an "inferior officer" requiring appointment by the Executive .......... 21

3. Relator LLC violates the Vesting and Take Care Clauses. .......... 22

V. CONCLUSION .......... 22

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 13, 18

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 13, 18, 19

*Bly-Magee v. California*,
236 F.3d 1014 (9th Cir. 2001) .......... 13, 14

*Buckley v. Valeo*,
424 U.S. 1 (1976) .......... 21, 22

*Cochise Consultancy, Inc. v. United States ex rel. Hunt*,
587 U.S. 262 (2019) .......... 19

*U.S. ex rel. Ebeid v. Lungwitz*,
616 F.3d 993 (9th Cir. 2010) .......... 14, 15

*Gauvin v. Trombatore*,
682 F. Supp. 1067 (N.D. Cal. 1988) .......... 16

*Hagood v. Sonoma Cnty. Water Agency*,
81 F.3d 1465 (9th Cir. 1996) .......... 16

*U.S. ex rel. Hendow v. Univ. Phoenix*,
461 F.3d 1166 (9th Cir. 2006) .......... 15

*United States ex rel. Kelly v. Boeing Co.*,
9 F.3d 743 (9th Cir. 1993) .......... 20

*Lucia v. SEC*,
585 U.S. 237 (2018) .......... 20, 21

*Malhotra v. Steinberg*,
770 F.3d 853 (9th Cir. 2014) .......... 17

*U.S. ex rel. Mateski v. Raytheon*,
816 F.3d 565 (9th Cir. 2016) .......... 12, 16

*Movsesian v. Victoria Versicherung AG*,
670 F.3d 1067 (9th Cir. 2012) .......... 14

*New Mexico v. Musk*,
__ F. Supp. 3d __, 2025 WL 1502747 (D.D.C. May 27, 2025) .......... 21

*United States ex rel. Polansky v. Exec. Health Res., Inc.*,
599 U.S. 419 (2023) .......... 19

*Prather v. AT&T, Inc.*,
847 F.3d 1097 (9th Cir. 2017) .......... 14, 19

*Puri v. Khalsa*,
674 F. App'x 679 (9th Cir. 2017) .......... 15

*U.S. ex rel. Relator LLC v. Baxter*,
3:23-cv-00336-WHO, 2025 WL 1343076 (N.D. Cal. May 8, 2025) .......... 12, 14, 21

*U.S. ex rel. Relator LLC v. Erskine*,
2025 WL 796621 .......... *passim*

*U.S. ex rel. Relator LLC v. iLink Employers Co.*,
5:22-cv-01004-RGK-DTB, 2024 WL 4197344 (C.D. Cal. Sept. 9, 2024) .......... 11, 13

*U.S. ex rel. Relator LLC v. Kellogg*,
No. 23-cv-118-CAB-BLM, 2024 WL 4887531 (S.D. Cal. Nov. 25, 2024) .......... *passim*

*U.S. ex rel. Relator LLC v. Kootstra*,
1:22-cv-00924-TLN-CDB, 2024 WL 3666470 (E.D. Cal. Aug. 6, 2024) .......... 17, 19

*U.S. ex rel. Relator LLC v. Williams*,
No. 22-cv-04957-LB (N.D. Cal. June 27, 2025) .......... *passim*

*Sams v. Yahoo! Inc.*,
713 F. 3d 1175 (9th Cir. 2013) .......... 14

*Schindler Elevator Corp. v. U.S. ex rel. Kirk*,
563 U.S. 401 (2011) .......... 17

*Seal 1 v. Seal A*,
255 F.3d 1154 (9th Cir. 2001) .......... 17

*Seila Law LLC v. CFPB*,
591 U.S. 197 (2020) .......... 20

*Silbersher v. Allergan, Inc.*,
506 F. Supp. 3d 772 (N.D. Cal. 2020) .......... 8, 13

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) .......... 14, 16

*U.S. v. Allergan, Inc.*,
46 F.4th 991 (9th Cir. 2022) .......... 13, 16

*U.S. v. Corinthian Colleges*,
655 F.3d 984 (9th Cir. 2011) .......... 13

*United States v. Donziger*,
38 F.4th 290 (2d Cir. 2022)....................21

*United States v. Texas*,
599 U.S. 670 (2023)....................22

*Wang v. FMV Corp.*,
975 F.2d 1412 (9th Cir. 1992), *overruled on other grounds by U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015)....................16

*Wisconsin Bell, Inc. v. United States ex rel. Heath*,
145 S. Ct. 498 (2025)....................20

**Statutes**

31 U.S.C. § 3729....................20

31 U.S.C. § 3729(a)(1)....................19

31 U.S.C. § 3730(b)....................19

31 U.S.C. § 3730(b)(1)....................19

31 U.S.C. § 3730(b)(5)....................19

31 U.S.C. § 3730(e)(4)(A)....................16, 17, 18, 19

31 U.S.C. § 3730(e)(4)(A)(ii)....................17

False Claims Act, 31 U.S. Code § 3729....................8, 11, 14

**Other Authorities**

Fed. R. Civ. P. 8....................13, 16

Fed. R. Civ. P. 8....................16

Fed. R. Civ. P. 9(b)....................*passim*

Fed. R. Civ. P. 12(b)(6)....................8

Fed. R. Evid. Rule 1006(a)....................11

U.S. Const. Art. II....................14, 19, 20, 22

U.S. Const. Art. II, § 1....................22

U.S. Const. Art. II, § 3....................22

**STATEMENT OF ISSUES TO BE DECIDED**

This Motion to Dismiss raises three issues. If any of the three are decided in Defendants' favor, the Complaint must be dismissed:

(1) Whether the Complaint fails to state a claim under the heightened Rule 9(b) pleading standard applicable to False Claims Act claims because it does not allege the elements of falsity or scienter with sufficient particularity against any Defendant;

(2) Whether the public disclosure bar, an affirmative defense under the False Claims Act, precludes the Complaint because all of its allegations come from public sources and because Relator LLC is not a whistleblower; and,

(3) Whether this *qui tam* suit violates Article II of the United States Constitution because Plaintiff qualifies as an "inferior officer" that has not been validly appointed by the Executive Branch.

## MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

This is a purported False Claims Act case brought by Relator LLC. Relator LLC is a serial plaintiff that does nothing but file strike suits under the False Claims Act. It trawls public records about COVID-era federal Paycheck Protection Program loans then sues any company for which it can allege some discrepancy in its loan application. Defendants are among the sixty-plus targets of Relator LLC's litigation scheme, to-date. Many settle. The Arcticom Defendants chose to fight.

Here, Relator LLC alleges that Defendant-Arcticom actually had more employees than the 500 it represented on its public PPP application in 2020. The Complaint says other undated public internet sources put Arcticom's employee headcount at 800 or 1,500. That is all. Unsurprisingly, the United States declined to intervene and has left Relator LLC to proceed with this case at its own risk.

The Complaint cannot state a claim under the FCA. Its conclusory allegations do not satisfy the applicable heightened pleading standard of Rule 9(b) as to any Defendant. And the public sources of its information preclude the Complaint under the FCA's public disclosure bar.

The FCA is a whistleblower statute intended to remedy fraud against the United States. Relator LLC alleges no fraud and is not a whistleblower – it has no non-public information. Its assembly line business model of for-profit FCA strike suits is a perversion of the statute's purpose and obviates the constitutional viability of a *qui tam* claim.

This case is no different than any of Relator LLC's dozens of other lawsuits. It is no different than those other cases successfully challenged under Rule 12(b)(6), including others in this Court. It should be dismissed with prejudice.

## II. FACTS

### A. Defendants and their Paycheck Protection Program Loan

Arcticom is a California based business that provides heating, air conditioning, and refrigeration services and maintenance. ¶ 19.[1] During the relevant time period alleged in the

[1] All references "¶ --" are to the Complaint (ECF 1). Unless otherwise noted, all 'facts' are drawn from the Complaint's allegations, which are taken as true for purposes of this Motion to Dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Complaint, Defendant James S. Pape was Arcticom's CEO and Defendant Jeanne Dibella was its CFO. ¶¶ 17-18.

***PPP.*** During the COVID-19 pandemic, the federal government established the Paycheck Protection Program. The PPP was aimed at enabling eligible businesses to obtain government funds to sustain them through those uncertain economic times. ¶¶ 25-28; *see also*, *U.S. ex rel. Relator LLC v. Kellogg*, No. 23-cv-118-CAB-BLM, 2024 WL 4887531, *1 (S.D. Cal. Nov. 25, 2024) ("The federal government implemented the PPP in response to the COVID-19 pandemic to provide eligible businesses with loans to cover payroll and other specified business-related expenses."). The loans of PPP borrowers were later evaluated for loan forgiveness based upon a separate application to the United States Small Business Administration ("SBA"). ¶ 41.

Loans and loan forgiveness were granted based on borrower applications and certifications submitted to the SBA via a servicing financial institution. ¶ 30; ¶ 43. The SBA made PPP borrower application and certification information publicly available through a website called PandemicOversight.gov. *See*, Phillips, ¶ 3; Ex. A; *see also*, *U.S. ex rel. Relator LLC v. Erskine*, 2025 WL 796621 at *1 n.1 (taking judicial notice of "PPP details from the PandemicOversight.gov website because it is…a U.S. government website").[2]

***Arcticom's PPP loan and loan forgiveness.*** In April 2020, Arcticom applied for and received a PPP loan totaling $9.5 million. ¶ 45. To obtain its PPP loan, Arcticom completed the same standard loan application form as other PPP applicants. On its application, Arcticom listed that it had 500 employees at the time of its PPP loan application. ¶ 47. Arcticom later applied for and received loan forgiveness, which was granted on June 11, 2021. ¶ 45. As with every PPP application, the information submitted in support of Arcticom's loan and loan forgiveness applications is publicly available on PandemicOversight.gov. Phillips, Ex. C.

### B. Relator LLC's Complaint

The Complaint alleges that Arcticom and its officers submitted a false claim to the

[2] Judicial Notice of the SBA's website and the information disclosed on it is appropriate on this Motion to Dismiss, as set forth in Defendants' concurrently-filed Request for Judicial Notice ("RJN"). All references "Phillips" are to the concurrently-filed Declaration of Anthony D. Phillips in support of Motion to Dismiss and its accompanying exhibits.

government when they applied for the PPP loan and again when they applied for loan forgiveness. Specifically:

***Arcticom's number of employees.*** Relator LLC alleges that Defendants misrepresented their eligibility for a PPP loan by listing that Arcticom had 500 employees. ¶ 47. According to the Complaint, Arcticom actually has more than 500 employees and should therefore have been ineligible for a PPP loan because it was not a "small business". ¶¶ 7-8.[3] The Complaint says that, according to online sources, Arcticom has either 800 or 1,500 employees. *Id*. The dates on which those employee headcounts were taken are not alleged. *Id*.[4]

***Arcticom's economic uncertainty certification***. The Complaint also alleges that Arcticom's economic uncertainty certification in its PPP application was false. The economic uncertainty certification required Arcticom and other PPP participants to certify, under penalty of perjury, that: "Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant." ¶ 10. Relator LLC insists in its Complaint that this statement must have been false because "TAG LLC did not and cannot show any decline in revenue during the pandemic, much less a decline so bad it threatened worker pay." *Id*. Also, because it "was evident from the onset of the pandemic that some commercial refrigeration and HVAC service companies, like TAG LLC, would thrive financially during the pandemic, and therefore TAG LLC could not in good faith make the Economic Necessity Certification [in April 2020]." ¶ 11. Nothing more is alleged explaining why the statement is false.

***Arcticom's PPP loan forgiveness application***. Finally, Relator LLC asserts that Defendants "lied on their forgiveness documents and application." ¶ 13. Again, the Complaint provides no detail about these supposed "lies" or any explanation of what makes the documents and application false. *Id*.

Relator LLC filed the Complaint under seal on February 20, 2024. ECF 1. On April 1,

---

[3] The Complaint acknowledges that "[s]mall business concerns can be eligible borrowers even if they have more than 500 employees[.]" ¶ 9. But Relator LLC hand-waves away whether Arcticom qualified for PPP under an alternative metric because it asserts that Arcticom "was *dominant in its field*." *Id*. (emphasis in original).

[4] The Complaint does, however, allege that, during the pandemic years, Arcticom expanded its business: "receiv[ing] more than $150 million in debt and equity capital…in order to engage in a massive shopping spree acquiring a dozen other HVAC companies.") ¶ 10.

2025, the United States declined to intervene and therefore declined to pursue the case on the government's behalf, consistent with its authority under the False Claims Act. ECF 11. Notwithstanding the government's decision, Relator LLC proceeds against the Defendants. It handles this litigation on behalf of the United States without appointment or oversight.

The Complaint was unsealed on June 27, 2025. This Motion to Dismiss followed.

### C. Relator LLC is a serial False Claims Act plaintiff

Defendants are not alone in confronting allegations of False Claims in their PPP applications by Relator LLC. As other federal courts have confronted, Relator LLC "is an aptly named limited liability company formed for the sole purpose of filing FCA claims as a relator against companies that took out PPP loans." *U.S. ex rel. Relator LLC v. iLink Employers Co.*, 5:22-cv-01004-RGK-DTB, 2024 WL 4197344, at *1 (C.D. Cal. Sept. 9, 2024); *see also,* Phillips Decl., Ex. E (Motion to Dismiss Order in *U.S. ex rel. Relator LLC v. Williams*, No. 22-cv-04957-LB, (N.D. Cal. June 27, 2025)("*Williams*"))("The problem is that Relator LLC is just that – a corporate entity in the business of qui tam.").

Since its formation in 2022, Relator LLC has filed at least sixty-seven False Claims Action complaints. *See,* Phillips, Ex. D (chart of federal filings by Relator LLC).[5] The government has not intervened in any of them (except to dismiss). *Id*.

Relator LLC's complaints follow a familiar pattern: a company that obtained a PPP loan is identified from public records. The PPP borrower is alleged by Relator LLC to have falsified one or more eligibility criteria and therefore said to have violated the False Claims Act.[6] In no known case does Relator LLC purport to be a whistleblower or to have information that is not readily sourced from a basic internet search linked to publicly available records. This case is no different.

Recent decisions dismissing Relator LLC complaints are illustrative. For example:

***Williams.*** Judge Beeler of this Court recently dismissed with prejudice Relator LLC's FCA complaint alleging defendants misrepresented their employee headcount. *Williams*, at 2:6-7. The

[5] Exhibit D is a summary of judicially-noticeable court filings in Relator LLC's other lawsuits prepared for the Court's convenience. Fed. R. Evid. Rule 1006(a); *see also*, RJN.
[6] The assembly-line nature of Relator LLC's litigation mill is seen in the Complaint. Plaintiff forgot to fill in one of the blanks in its form complaint. ¶ 56 ("instead of repaying a profitable [type of business]'s loan that it never should have received[.]").

Court held that Relator LLC had failed to adequately allege the elements of an FCA claim with particularity under Rule 9(b). *Id*. at 1:19-20. In reaching that conclusion, the Court specifically rejected Relator LLC's claim that "defendants misrepresented their headcount to obtain loans" in 2020 because "now one defendant is reported to have 619 employees." *Id*. at 5:17-22 (quotation omitted) ("the conclusion does not follow.") (citing *Erskine*, 2025 WL 796621, at *7).

Moreover, the Court concluded that public disclosure bar applied because the PPP loan data was publicly disclosed and because Relator LLC "identifie[d] no independent knowledge of the defendants' operations or their loan applications." *Id*. at 7:20-21 ("the complaint and judicially noticeable facts reveal that Relator LLC has no significant information of their own to contribute.")(quoting *U.S. ex rel. Mateski v. Raytheon*, 816 F.3d 565, 570 (9th Cir. 2016)). The same is also true here.

***Baxter.*** Judge Orrick of this Court similarly dismissed Relator LLC's complaint against the Santa Lucia Preserve Company and its principals. *U.S. ex rel. Relator LLC v. Baxter*, 3:23-cv-00336-WHO, 2025 WL 1343076 at *8 (N.D. Cal. May 8, 2025). The complaint in *Baxter* alleged false claims in a PPP application submitted by a country club owner, which Relator LLC claimed was ineligible for such a loan. *Id*. at *5. But the complaint failed to distinguish defendants' ownership of the clubs from other property, warranting dismissal. *Id*. Also troubling for the court was "that the majority of Relator's [Second Amended Complaint] continues to be rife with conclusory allegations." *Id*. at *6. The same deficiencies appear in this case.

***Erskine***. In the Southern District of California, Relator LLC again suffered dismissal. There, Relator LLC argued that defendant-CalCon Mutual Mortgage, Inc. and its principals had misrepresented, *inter alia*, the number of their employees. *Erskine*, 2025 WL 796621 at *6 ("It states, this number, 432, cannot be correct and bases this on the square footage of [defendant]'s headquarters and claims that [it] only had eleven offices[.]").

The court again determined that Relator LLC failed to state a claim; specifically, Relator LLC's claims were subject to the public disclosure bar, and Relator LLC failed to meet the heightened pleading standard of Rule 9(b). *Id*. at *7 (the complaint was "devoid of facts showing a plausible claim that [the] jobs number is incorrect under Rule 8 or why the number of jobs is false

under Rule 9(b)."); *see also iLink*, 2024 WL 4197344 *3 ("Relator simply concludes that iLink Employees could not have had that many employees because it had not yet registered to do business[.]").

These examples are just a few of many. As another court noted: "the FCA provides limits on who can bring a q*ui tam* action and the sources of information upon which they can base their suit…these bars to suit are intended to prevent parasitic or opportunistic qui tam actions." *Kellogg*, 2024 WL 4887531, at *2 (*quoting U.S. v. Allergan, Inc*., 46 F.4th 991, 993 (9th Cir. 2022)).

This case is no different. It must be dismissed like other claims against PPP participants by Relator LLC.

## III. LEGAL STANDARD

A complaint must contain "'sufficient factual matter' that, taken as true, 'states a claim to relief that is plausible on its face.'" *U.S. v. Corinthian Colleges*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible on its face where it pleads "sufficient factual allegations to 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Silbersher v. Allergan.*, 506 F. Supp. 3d at 785 (quoting *Iqbal*, 556 U.S. at 678). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

In cases alleging fraud, Rule 9(b) further mandates a heightened pleading standard. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). An FCA claim is a claim for fraud. *Corinthian Colleges*, 655 F.3d at 992 (citing *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)).

Accordingly, to state a claim, an FCA complaint must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Silbersher*, 506 F. Supp. 3d at 785 (citations and internal quotations omitted). In cases brought against multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations . . . and inform each defendant separately of the allegations surrounding his [or her]

alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)(internal quotations omitted)("plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.").

Moreover, when the existence of an affirmative defense appears on the face of a complaint or from judicially-noticeable facts, dismissal is warranted. *Kellogg*, 2024 WL 4887531, at *1 n.3 (citing *Sams v. Yahoo! Inc*., 713 F. 3d 1175, 1179 (9th Cir. 2013)). The public disclosure bar is an affirmative defense available under the False Claims Act. *Id*., at 788 (citing *Prather v. AT&T, Inc.*, 847 F.3d 1097, 1102 (9th Cir. 2017)). It provides separate and additional grounds for dismissal.

Finally, the unconstitutionality of Relator LLC's case is yet another additional appropriate basis for dismissal here. *See, e.g.*, *Movsesian v. Victoria Versicherung AG*, 670 F.3d 1067, 1070-71 (9th Cir. 2012)(en banc)(affirming dismissal based on defendant's motion to dismiss raising constitutional arguments).

The Complaint fails to state a claim under Rule 9(b). It also discloses, and is defeated by, the affirmative defense of the FCA's public disclosure bar. Additionally, Realtor LLC brings a suit that violates Article II of the United States Constitution.

## IV. ARGUMENT

### A. The Complaint fails to state a claim with particularity

The elements of a False Claims Act claim are "(1) a false statement or fraudulent course of conduct; (2) made with scienter; (3) that was material, causing (4) the government to pay out money or forfeit money due." *Baxter*, 2025 WL 1343076 at *5 (quoting *U.S. ex rel. Ebeid v. Lungwitz,* 616 F.3d 993, 997 (9th Cir. 2010)). Because the "FCA is an anti-fraud statute . . . complaints brought under the FCA must fulfill the requirements of Rule 9(b)." *Bly-Magee*, 236 F.3d at 1018.

This means that the plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Thus, "the plaintiff must allege 'the who, what, when, where, and how of the misconduct charged,' including what is false or misleading about a statement, and why it is false." *Puri v. Khalsa*, 674 F. App'x 679, 687 (9th Cir. 2017) (quoting *Lungwitz*, 616 F.3d at 998).

Neither the false statement nor scienter elements are pleaded with sufficient particularity.

**1. *The Complaint fails to plead falsity with particularity***

The Complaint says Defendants "Falsified Number of Jobs Reported." ¶ 7. This is alleged because, in April 2020, Arcticom claimed it had 500 employees. *Id.* But, according to the Complaint, at some point between April 2020 and February 2024, two different online sources (Arcticom's website and ZoomInfo.com) said it had 1,500 and 800 employees. *Id.* Without knowing the dates that the Arcticom website and "ZoomInfo" refer to, there is no reason to believe they expose any false statements from April 2020.[7] Nor is there any allegation to explain why Arcticom did not qualify for a PPP loan under criteria other than the number of employees. ¶ 9.

Next, the Complaint provides no factual reason why the statement "Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant" was false when made. ¶ 10. Instead, Relator LLC just uses its own definition of the word "necessary" to claim Arcticom misrepresented its need for a PPP loan. *Id.* Even taken at face value, the Complaint fails: "TAG LLC did not and cannot show any decline in revenue during the pandemic[.]" *Id.* That is not Arcticom's burden to show—it is Relator LLC's to plead and prove. The Complaint fails to do so.

Last, the Complaint alleges "Further Falsification on Loan Forgiveness." ¶ 13. Relator LLC says, "Defendants falsified further documents to receive loan forgiveness." *Id.* What documents and why they were false are not explained.

The Complaint does not explain why any of the statements it relies on was false. Let alone who said them and when, where, or how. The Complaint does not state a claim under the FCA.

**2. *The Complaint fails to plead scienter with particularity***

The Complaint falls even further short on the element of scienter. That is the required mental state of "knowledge of the falsity and [] intent to deceive." *U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1172 (9th Cir. 2006) (quoting *Hopper v. Anton*, 91 F.3d 1261, 1265 (9th Cir. 1996)). The only allegation is a conclusory one: "Defendants knowingly and intentionally

---

[7] The Complaint later says that, ***in December 2021***, Arcticom "received more than $150 million in debt and equity capital…in order to engage in a massive shopping spree acquiring a dozen other HVAC companies." ¶ 10. The obvious and more plausible explanation than fraud is that Arcticom had more employees by February 2024 than it had in April 2020.

made many material false statements to the government and bank to obtain the loans." ¶ 14. There is nothing else. This does not satisfy Rule 8 notice pleading, let alone the heightened standard of Rule 9(b).

This failing is particularly egregious because three Defendants are named, including two individuals. What those individuals are accused of and how they can defend themselves is a mystery from the face of the Complaint, which makes no differentiation between Defendants. This is impermissible "group pleading" that warrants dismissal. *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (holding that lumping defendants together in a single, broad allegation fails to satisfy Fed. R. Civ. P. Rule 8); *see also*, *Swartz*, 476 F.3d at 764.

The Complaint is devoid of the specific factual allegations needed to state an FCA claim under Rule 9(b). At most, the Complaint identifies a business that took out a PPP loan that Relator LLC later decided it did not like.

**B. The FCA's public disclosure bar provides a complete defense to Relator LLC's *qui tam* claim**

The fundamental purpose of the *qui tam* provision of the FCA is to "encourage insiders privy to a fraud on the government to blow the whistle on the crime." *Wang v. FMV Corp*., 975 F.2d 1412, 1419 (9th Cir. 1992), *overruled on other grounds by U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015). Concomitantly, "parasitic or opportunistic qui tam actions are not allowed." *Williams*, at 6:18-19 (quoting. *Allergan, Inc*., 46 F.4th at 993).

***The Public Disclosure Bar.*** The False Claims Act's public disclosure bar provides an affirmative defense to prevent such parasitic or opportunistic actions. *U.S. ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 570 (9th Cir. 2016) (the FCA "encourage[s] suits by whistle-blowers with genuinely valuable information, while discouraging litigation by plaintiffs who have no significant information of their own to contribute.")(citing 31 U.S.C. § 3730(e)(4)(A)).

In the Ninth Circuit, a three-part test determines whether the bar applies: "(1) the disclosure at issue occurred through one of the channels specified in the statute; (2) the disclosure was 'public'; and (3) the relator's action is 'based upon' the allegations or transactions publicly disclosed." *Malhotra v. Steinberg*, 770 F.3d 853, 858 (9th Cir. 2014).

The Complaint alleges false statements based on PPP loan application available online to the public. To the extent it alleges falsity at all, it does so based solely on public websites – Arcticom's own and "ZoomInfo". ¶ 7.

***PandemicOversight.gov and SBA.gov are specified channels and provide public disclosures.*** PPP application information is publicly available on SBA.gov and, before that, on its forerunner, PandemicOversight.gov. Phillips, ¶ 3. These websites qualify as a channel specified in the statute, i.e. a "federal report" under section 3730(e)(4)(A)(ii). Indeed, other district courts in California have held as much in dismissing PPP cases bought by Relator LLC. *See, e.g.*, *U.S. ex rel. Relator LLC v. Kootstra*, 1:22-cv-00924-TLN-CDB, 2024 WL 3666470, at *4 (E.D. Cal. Aug. 6, 2024) ("The Court agrees with Defendants that the [PandemicOversight.gov] website is a federal report.") (citing *Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 407 (2011));[8] *Williams*, at 4:9-16 ("the information published on PandemicOversight.gov constitutes a federal report because it provides information and an official statement of facts.")(citations omitted); *Kellogg*, 2024 WL 4887531, at *3 (PandemicOversight.gov…qualifies as a report for purposes of the public disclosure bar.") (citation omitted); *Erskine,* 2025 WL 796621, at *4 (same).

PandemicOversight.gov and SBA.gov are federal reports. As they are also publicly accessible websites, the first two prongs of the public disclosure bar test are indisputably met. *Malhotra*, 770 F.3d at 859 (even "disclosure of information to a single individual can constitute a public disclosure under § 3730(e)(4)(A) if that individual is a 'member of the public' for purposes of the investigation at issue.") (citing *Seal 1 v. Seal A*, 255 F.3d 1154, 1162 (9th Cir. 2001)).

***The Complaint is based solely upon public information.*** As to the third prong of the public disclosure bar, whether the Complaint is "based upon" the prior public disclosure, that too is beyond dispute. The Complaint alleges that Arcticom was approved for a PPP loan on April 29, 2020 in the amount of $9,534,400 and that the loan was forgiven in June 2021. ¶ 45. It alleges that Arcticom represented in its loan application that "it had *exactly 500* employees." *Id*. (emphasis in original). It also alleges that Arcticom executed a "Worker Retention and Payroll Certificate" and a "No False

---

[8] In *Schindler*, the Supreme Court held that a "report" for purpose of the FCA public disclosure bar is "something that gives information or a notification, or an official or formal statement of facts or proceedings." *Id*.

Statements Certification." ¶¶ 53-54. Finally, it claims that Arcticom applied for loan forgiveness, representing when it did that "it spent 100% of the loan proceeds on eligible expenses." ¶ 55.

All of these facts were publicly disclosed on PandemicOversight.gov (now SBA.gov), along with the contents of the applications and certifications submitted by Arcticom. *See*, Phillips, Ex. C. These facts are the basis for the Complaint. The allegations that Arcticom's submissions were false are made in entirely conclusory terms and without reference to any factual source other than Plaintiff's conjecture. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("[On a motion to dismiss, courts] are not bound to accept as true a legal conclusion couched as a factual allegation."); *see*, *e.g.*, ¶ 6 ("[Arcticom] [f]alsified business and industry type"); ¶ 10 ("Defendants falsely certified they had 'economic uncertainty'"); ¶ 13 ("Defendants could not comply with the requirements of forgiveness given their business type."); ¶ 14 ("Defendants knowingly and intentionally made many materially false statements to the government and bank to obtain the loans.").

The Complaint does allege one fact from other online sources. Specifically, the "real" number of Arcticom employees. The Complaint gives this as either 1500 (according to Arcticom's website) or 800 (according to ZoomInfo). ¶ 7. This does not alter the analysis.

In *Williams*, Realtor LLC argued its "considerable investigative effort and insight" led it to the allegation that defendants "have more employees in 2025 than they represented in 2020." *Williams* at 7:13-17. The court rejected the point: "Assuming arguendo that the information was not disclosed by a federal report or news media…[it] has no bearing on defendants' eligibility." *Id*.

Likewise, the Complaint provides nothing original or that could not have been discerned by any internet user – it supplies no "genuinely valuable information" that would aid the government in pursuing fraud and detecting false claims. *Id*. It should be dismissed under the public disclosure bar. *See Kellogg*, 2024 WL 4887531 at *3 (Relator LLC did "not cite any information…that materially adds to the public disclosures or shows that Relator had any independent knowledge of the alleged fraud."); *Kootstra*, 2024 WL 3666470, at *5 ("Relator does not cite – nor can the Court locate – any information in the Complaint that materially adds to the public disclosures or shows

that Relator had any independent knowledge of the alleged fraud.”).[9]

Relator LLC is not a whistleblower. It has no connection to Defendants. It possesses no inside information that is not equally available to any member of the public with internet access. Its trawling of a government website to spring “gotcha” lawsuits on PPP applicants does nothing to aid the government in pursuing fraud. The public disclosure bar applies and affords Defendants a complete defense.

### C. Relator LLC’s prosecution of this action violates the Appointments Clause of Article II of the U.S. Constitution because Relator LLC exercises executive power without executive appointment

The FCA “is unusual in authorizing private parties—known as relators—to sue on the Government’s behalf.” *U.S. ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 423 (2023). However, a “relator is neither appointed as an officer of the United States, . . . nor employed by the United States.” *Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 587 U.S. 262, 272 (2019). Relators carry significant power. They can file a complaint “in the name of the government” in their discretion and they can seek treble damages, substantial penalties, and attorney fees—including the prospect of recovering a significant bounty for themselves. 31 U.S.C. § 3729(a)(1) (financial incentives for relators up to 30% of recovery). No other individual or entity—other than the government—can intervene.[10] § 3730(b)(5).

Ultimately, relators’ actions bind the government and the People. *See* 31 U.S.C. §§ 3729(a)(1), 3730(b), 3730(b)(1). But the statute contemplates *one* relator, a whistleblower raising fraud against the government, who brings a *single* case. *See* 31 U.S.C. § 3730(b)(1) (“a person may bring a civil action for a violation of section 3729 for the person and for the United States government.”)

---

[9] A Complaint may escape dismissal under the public disclosure bar if the relator was an “original source” of material information independent of that publicly disclosed. 31 USC § 3730(e)(4)(A); *Prather,* 847 F.3d at 1105 (an individual that puts together that “information available amounts to evidence of FCA violations” is not an original source). Relator LLC ***says*** it is an original source. ¶ 4. But it alleges nothing beyond that bare conclusion. This is insufficient. *Erskine*, 2025 WL796621 at *6 (“This recitation of the definition of an original source is not sufficient.”) (citing *Twombly*, 550 U.S. at 545).

[10] Ironically, Relator LLC’s weak cases make government intervention less likely.

Relator LLC takes these statutory powers and explodes them. It has turned the FCA's "daunting monetary penalties" into a production line fed by public data to generate cookie-cutter lawsuits from perceived technical violations on PPP applications. *Seila Law LLC v. CFPB*, 591 U.S. 197, 219 (2020). And its business model works. More defendants apparently settle than fight like Arcticom. *See*, Phillips, Ex. D.

*Qui tam* lawsuits raise serious Constitutional questions, and some courts have deemed them unconstitutional. *See*, *U.S. ex rel. Zafirov v. Fla. Med. Assocs.*, LLC, 751 F. Supp. 3d 1293, 1322 (M.D. Fla. 2024)(FCA violates the Appointments Clause); *U.S. ex rel. Shahbabian v. Trihealth, Inc.*, 2025 WL 2108197, at *8 (S.D. Ohio July 28, 2025) (reasonable jurists could disagree as to whether the FCA violates Article II); *but see*, *Kenley Emergency Med. v. Schumacher Grp. of La., Inc.*, 2025 WL 1359065 at *5 (N.D. Cal. May 9, 2025)(rejecting challenge to *qui tam* statute)(*citing U.S. ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 759 (9th Cir. 1993)).

The Ninth Circuit has indeed held that the FCA does not violate the Appointments Clause. *Kelly*, 9 F.3d at 757-59. In *Kelly*, a Boeing employee brought a *qui tam* complaint alleging it had improperly charged certain costs to the government on military contracts. *Id.*, at 745. The District Court denied Boeing's motion to dismiss that challenged the constitutionality of the FCA's *qui tam* provisions. *Id*. The Ninth Circuit affirmed, holding "a qui tam relator, who litigates only a single case, does not have primary responsibility…for enforcing the FCA. Nor does a relator exercise authority so significant that the Constitution only permits an officer of the United States to exercise it." *Id.*, at 759.

The distinction here is evident: Relator LLC does not litigate "only a single case". It has made *qui tam* into a business. That changes the analysis. Even if *qui tam* is Constitutional on its face, *this* relator exercises powers that qualify it as an inferior officer and therefore violates Article II of the United States Constitution. That warrants dismissal.

### 1. *The Appointments Clause and the FCA*

The Appointments Clause found in Article II of the U.S. Constitution "prescribes the *exclusive* means of appointing 'Officers'" of the United States. *Lucia v. SEC*, 585 U.S. 237, 244 (2018) (emphasis added). Any law which purports to authorize individuals to wield the power of

an Officer of the United States, without requiring the individual be properly appointed, arguably violates the Appointments Clause and is unconstitutional. *See id.* at 244-45.

**2. *Relator LLC is an "inferior officer" requiring appointment by the Executive***

An "inferior officer" of the United States is one with a continuing position and significant authority.[11] *Lucia*, 585 U.S. at 245. An inferior officer cannot exercise power on behalf of the United States unless properly appointed. Relator LLC has not been appointed by *any* authority.

The approach to evaluating inferior officer status is a "holistic" one, considering the "tenure, duration, emolument, and duties" of a position, and whether those are "continuing and permanent, not occasional or temporary." *Musk*, 2025 WL 1502747, at *13 (citation omitted). Other factors may include whether "(1) the position is not personal to a particular individual; (2) the position is not transient or fleeting; and (3) the duties of the position are more than incidental." *United States v. Donziger*, 38 F.4th 290, 297 (2d Cir. 2022).

Relator LLC occupies a continuing position. It files lawsuit after lawsuit. It litigates them year after year. It is constrained only by the amount of information it can mine from the internet to generate new claims. This relator occupies a self-appointed position that exercises duties belonging to the United States and continuing until such time it decides to stop (if it ever does). This is a continuing position, and *this* relator violates the Appointments Clause.

It also exercises significant authority in carrying out its *qui tam* functions. *Lucia*, 585 U.S. at 245; *Buckley*, 424 U.S. at 140. Relator LLC decides which defendants to target, what legal theories to assert, and how to prosecute claims.

Indeed, even beyond the existing continuing position and significant authority analysis, the original public meaning supports this conclusion: Relator LLC is an inferior officer. *See,* Jennifer L. Mascott, *Who Are "Officers of the United States"?*, 70 Stan. L. Rev. 443 (2018).

---

[11] As opposed to a "principal officer" appointed by the President with the advice and consent of the Senate. *Buckley v. Valeo*, 424 U.S. 1, 132 (1976). Inferior officers may be appointed unilaterally by the President, heads of departments, or the judiciary. *Id.*

Ultimately, Relator LLC has appointed itself special prosecutor of alleged PPP loan fraud and has no accountability or oversight—and that violates the Appointments Clause. *Baxter*, 2025 WL 1343076, at *1; Phillips, Ex. D.

**3. *Relator LLC violates the Vesting and Take Care Clauses.***

Relator LLC's suit also violates the Vesting and Take Care Clauses. "Article II of the Constitution assigns the 'executive Power' to the President and provides that the President 'shall take Care that the Laws be faithfully executed.'" *United States v. Texas*, 599 U.S. 670, 678 (2023) (quoting U.S. Const. Art. II, §§ 1, 3); *see also Buckley*, 424 U.S. at 139.

Relator LLC pursues litigation in the name of the United States to purportedly vindicate a public interest. And here, where the government has declined to intervene, there is no oversight. The government does not supervise or control Relator LLC. This allows a fundamental power of the executive branch to be executed by an entity formed solely to litigate FCA *qui tam* claims for financial gain, unchecked by the Attorney General and unsupervised by appropriate authorities within the government.

Relator has taken the *qui tam* model far too far—transforming itself an unappointed inferior officer that exercises unsupervised executive power without repercussion. This Court should dismiss Realtor LLC's case as unconstitutional.

## V. CONCLUSION

There is no FCA claim for Defendants to answer. The Complaint fails to state a claim and is belied by its own conclusory allegations and the cynical business model of the Plaintiff that is behind it. The Court should dismiss it as such and with prejudice.

Respectfully submitted,

Dated: August 29, 2025

**FOX ROTHSCHILD LLP**

*/S/ANTHONY D. PHILLIPS*
Matthew S. Adams
Morgan McCall Reece
Anthony D. Phillips
Noah Thomas
Attorneys for Defendants