UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiffs,

    v.

JAMES S. PAPE, et al.,

        Defendants.

Case No. 24-cv-01001-RFL

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 52

On December 22, 2025, the Court granted the motion to dismiss filed by Defendants James Pape, Jeanne DiBella, and The Articom Group, LLC ("TAG"), dismissing Plaintiff American Taxpayers Fighting Fraud LLC's[1] claim under the False Claims Act ("FCA") with leave to amend. (Dkt. No. 47.) The Court granted the motion to dismiss because, among other things, the complaint failed to plead with particularity that TAG's statements to the government were false. (*Id*. at 3.)[2] Plaintiff filed its amended complaint on January 14, 2026, again asserting that TAG's PPP loan application and subsequent loan forgiveness application violated the FCA. (Dkt. No. 48 ("AC").) Defendants move to dismiss the amended complaint arguing, *inter alia*, that it still fails to plead with particularity that TAG's statements to the government were false. (Dkt. No. 52.) For the reasons that follow, the motion is **GRANTED**, and the complaint is dismissed without leave to amend. This order assumes the parties' familiarity with the facts of the case, the applicable legal standards, and both sides' arguments.

---

[1] Plaintiff American Taxpayers Fighting Fraud LLC was formerly known as "Relator LLC." (*See* Dkt. No. 58.)
[2] All references to page numbers for documents on the docket refer to ECF pagination.

1

The amended complaint fails to state claims under the FCA with particularity, as is required by Rule 9(b).[3] *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016).  To satisfy Rule 9(b), an FCA complaint must "allege 'the who, what, when, where, and how of the misconduct charged,' including what is false or misleading about a statement, and why it is false."  *Id*. (internal citation omitted) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

The allegations in the amended complaint are still insufficient to support a reasonable inference that TAG's PPP application falsely represented TAG's eligibility.  The amended complaint alleges that TAG falsely certified that it employed no more than 500 employees, or the industry size standard established by the SBA, by reporting that it had 500 employees.  (*E.g.*, AC ¶¶ 38–39, 46.)  This statement was allegedly false because TAG "repeatedly acquired" competitors prior to filing its application: (a) KIC Refrigeration in 2018, which had approximately 50 employees at the time of acquisition; (b) RACE Engineering at "some point prior to 2019," which had approximately 50–100 employees at the time of acquisition; (c) Victory Construction and Refrigeration in 2019, which had approximately 100–200 employees at the time of acquisition; (d) Market Refrigeration Specialists in 2019, which had approximately 100 employees at the time of acquisition; and (e) two other "unnamed platform[s]" in 2017–2018, which had approximately 200–300 employees at the time of acquisition.  (*Id*. at ¶¶ 48–53.)

However, these allegations fail to support a plausible inference that TAG's PPP application falsely stated TAG's employee count.  The amended complaint contains no explanation for why TAG's employee count at *the time it filed its PPP application* in 2020 can be determined by summing the employee count of the companies that TAG acquired *at the time of their separate acquisitions*, which allegedly occurred between 2017 and 2019.  (Dkt. No. 52 at 14.)  There is nothing in the amended complaint supporting any inference regarding the

---

[3] Defendants' unopposed request that the Court take judicial notice of an order by another Judge in this District as well as news articles regarding TAG's acquisitions is granted.  (Dkt. No. 53.)

2

proportion of employees that had been retained by TAG after the acquisitions, either when they occurred or when TAG filed its PPP application years later.

Other statements on the PPP application that Plaintiff identifies (for instance, that TAG was a small business concern) do not provide a basis for falsity because these statements were alternative ways that TAG could have qualified for a PPP loan if it had employed more than 500 employees. *See United States v. Pape*, No. 24-cv-01001-RFL, 2025 WL 3707557, at *2–3 (N.D. Cal. Dec. 22, 2025). Similarly, Plaintiff's argument that TAG made false representations on its loan forgiveness application is derivative of its argument that TAG was not eligible for a PPP loan. (AC ¶ 72 ("This certification was false because Defendants sought forgiveness for amounts that were not spent on eligible business costs or other eligible costs because TAG was never eligible for the PPP First Draw Loan in the first place.").) Because the amended complaint's allegations do not support a plausible inference that TAG was ineligible for a PPP loan, they too do not support a plausible inference that TAG was ineligible for loan forgiveness. This Order does not reach TAG's remaining arguments concerning whether the amended complaint pleads scienter with particularity, whether the public disclosure bar provides a complete defense to Plaintiff's claims, and whether the *qui tam* provision of the FCA is unconstitutional.

For the foregoing reasons, the motion to dismiss is granted. Dismissal is without leave to amend, as Plaintiff has already had an opportunity to amend the complaint to correct the deficiencies identified above. *Harris v. Lake Cnty. Superior Ct.*, No. 17-cv-01785-JST, 2017 WL 4581935, at *1 (N.D. Cal. June 23, 2017).

**IT IS SO ORDERED.**

Dated: March 31, 2026

RITA F. LIN
United States District Judge